SCARTELLI OLSZEWSKI, P.C.
A Professional Corporation
By:   **Melissa A. Scartelli, Esquire**
        **Peter Paul Olszewski, Jr., Esquire**
        **Michael Kenny, Esquire**
ATTORNEYS FOR PLAINTIFFS
411 Jefferson Avenue
Scranton, PA 18510
(570) 346-2600
IDENTIFICATION #52441
IDENTIFICATION #541286
IDENTIFICATON #81623

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON PARKER GOODFELLOW, IV, a minor, by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians, and GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Individually,** 8802 Stonehaven Court, Potomac, Maryland 20854 | : : : : : : : : : : : CIVIL ACTION |
| Plaintiffs | : |
| V. | : MEDICAL PROFESSIONAL : LIABILITY ACTION : |
| **CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, INC.** 105 Weber Road, Greeley, Pike County Pennsylvania, 18425; **CANDACE KAY LEHMAN** 173 Richards Street Summersville, Mo. 65571; -and- **LISA M. CHOU (BRASS)** 304 Palmerston Court Newark, Delaware 19702 | : : JURY TRIAL DEMANDED : : : : : : NO. : : : : |
| Defendants | : |

1

## COMPLAINT

NOW COME Plaintiffs, **GORDON PARKER GOODFELLOW, IV, a minor, by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians, and GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW,** Individually, by and through their counsel, **SCARTELLI OLSZEWSKI, P.C.,** hereby complain of the above-named Defendants, **CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, CANDACE KAY LEHMAN and LISA M. CHOU (BRASS)** as follows:

1.      The Plaintiffs, GORDON P. GOODFELLOW, III and LORENA GOODFELLOW, are competent, adult individuals, husband and wife, and citizens of the United States, residing with their son, GORDON PARKER GOODFELLOW, IV, at 8802 Stonehaven Court, Potomac, Maryland.

2.      The Plaintiffs, GORDON P. GOODFELLOW, III and LORENA GOODFELLOW, are the natural parents and guardians of GORDON PARKER GOODFELLOW, IV, a minor, Age 13, born in 2002.

3.      CAMP SHOLOLA FOR BOYS, INC. is a member of the American Camp Association.  The American Camp Association lists CAMP NETIMUS, INC. as the operator of CAMP SHOLOLA FOR BOYS, INC.

2

Upon information and belief, at all times relevant hereto CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, was required to have an active permit pursuant to the Pennsylvania Code as well as required to be registered with the Pennsylvania Department of Health & Human Services as an organized camp and/or childcare facility pursuant to Pennsylvania Statutes.

4.     The Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, is a Business Entity duly licensed and authorized under the laws of the Commonwealth of Pennsylvania and engaged in the business of providing set periods of overnight camping to boys in the Town of Greeley, County of Pike and Commonwealth of Pennsylvania.

5.     Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS INC. a/k/a CAMP SHOHOLA, is in the business of accepting applications for boys who wish to attend the camp for bi-weekly sessions, monthly sessions or other periods of time to engage in a complete program in camping.

6.     Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, owed a duty to protect the minor

3

plaintiff who was under their legal custody and control and to take all reasonable measures to protect the child from foreseeable harm.

7.     The minor Plaintiff was a business invitee for whom the Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, owed the highest duty of care.

8.     Defendant, CANDACE KAY LEHMAN, is or was at all pertinent times hereinafter mentioned, a Practical Nurse with active Pennsylvania license number PN294344.

9.     Defendant, LISA M. CHOU (BRASS), is or was at all pertinent times hereinafter mentioned, a Registered Nurse with active Pennsylvania license number RN659345.

10.    This Court has jurisdiction of this action under 28 U.S.C. §1332, complete diversity of citizenship and the amount in controversy, without interest and costs, exceeds the sum or value specified by Section 1332. Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391 because all or a substantial part of the acts or omissions giving rise to this cause of action took place in this judicial district.

## FACTUAL BACKGROUND

11.     Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, provides an Infirmary for campers and employs two fulltime nursing personnel whose duties include assessment, evaluation, triage and notification when a boy needs to visit the doctor's office or hospital.

12.     The staff of said Infirmary are medical and/or nursing personnel. The Plaintiffs are asserting a professional liability action against the infirmary staff of Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, who were employed during the summer months of 2014.

13.     At all times relevant to this action, the Camp Infirmary Staff were agents, ostensible agents, servants, workmen and/or employees of the Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, acting within the course and scope of their agency, ostensible agency and/or employment. Upon information and belief, the Camp Infirmary Staff includes, but is not limited to, Licensed Practical Nurse Candace Kay Lehman and Registered Nurse Lisa M. Chou, both of whom, upon information and belief, were duly licensed professionals in Pennsylvania at all times material to this Action.

14. At all times relevant hereto, the Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, held itself out to the public and to the Plaintiffs as being a safe environment that provides, when necessary, assessment, evaluation, triage and care to sick and/or injured campers as well as having the knowledge to recognize when the medical needs of a camper is outside of its ability to treat and/or care for the camper residing there.

15. At all times relevant hereto, the Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, held itself out to the public and to the Plaintiffs as being a safe environment equipped and staffed to know when to arrange, if and when necessary, for the care of acutely ill and/or injured campers outside of its facility.

16. The Defendant, CAMP NETIMUS, INC. d/b/a, CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, at all times material hereto, acted through their agents, ostensible agents, servants and employees, including Nurse Candace Kay Lehman and Nurse Lisa M. Chou and other medical or quasi-medical staff on duty during the summer of 2014 who were engaged in the care of Plaintiff, GORDON PARKER GOODFELLOW, IV.

17. At all times relevant to this action, the Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP

SHOHOLA, held themselves out as capable of providing medical care and/or nursing care and of recognizing when the medical care necessary for a camper was beyond their capabilities and, under those circumstances, arranging for urgent or emergent transport of said camper to the appropriate medical care facility.

18.     On July 26, 27, 28 & 29, 2014, the Plaintiff, GORDON PARKER GOODFELLOW, IV, complained to the staff at the Defendant Infirmary that he was nauseous, throwing up and experiencing stomach pain.

19.     On July 26, 2014 GORDON PARKER GOODFELLOW, IV experienced nausea and stomach pain since the evening meal – he spent that night in the infirmary.

20.     On July 27, 2014 he threw up three times during the night, his stomach hurt and his fever rose as high as 104.2 F. At 2:38 am. a member of the Medical Staff spoke with the child plaintiff's father, and advised that he will be kept updated on his son's condition and his son will call him when he wakes up.

21.     Child Plaintiff's mother, LORENA GOODFELLOW, received a telephone call from the infirmary nurse advising her that her son had a stomach flu.  Plaintiff, LORENA GOODFELLOW, inquired if her son could possibly have appendicitis and the nurse insisted it was a stomach flu.

7

22.     At no time during the period that Plaintiff GORDON PARKER

GOODFELLOW, IV, was a patient at the infirmary, did the defendant camp's

infirmary staff seek consultation and/or examination by a licensed medical

doctor to diagnose the child and determine if his condition needed further

evaluation and/or treatment at a medical clinic or hospital.

23.     Finally, on or about July 29, 2014, the Camp Director or a Camp

Counsellor transported Plaintiff, GORDON PARKER GOODFELLOW, IV,

then age 11, to Hawley Urgent Care Center where he was immediately

referred to Wayne Memorial Hospital Emergency Room.

24.     At Wayne Memorial Hospital, Plaintiff, GORDON PARKER

GOODFELLOW, IV, had a White Blood Count of 18,000 and a CT scan was

performed demonstrating loculated fluid (7x2 cm) in the right lower quadrant

consistent with a perforated appendix with developing abscess.

25.     Wayne Memorial Hospital Emergency Room physician

promptly transferred the child Plaintiff, GORDON PARKER

GOODFELLOW, IV by ambulance to Geisinger Medical Center in Danville.

26.     At Geisinger Medical Center, Plaintiff, GORDON PARKER

GOODFELLOW, IV, was admitted to the Pediatric surgery team.

Intravenous antibiotics were started.  He was administered sedation and a

PICC line was inserted and a second CT of the abdomen with contrast was performed.

27.    Plaintiff, GORDON PARKER GOODFELLOW, IV, was monitored and his PICC cared for until his discharge on August 3, 2014. Plaintiff, GORDON PARKER GOODFELLOW, IV, was discharged on day 5 to follow up with Pediatric Surgeon, Dr. Byrd from the Children's National Medical Center located near Plaintiff's home.  Arrangements were made to continue home infusion of antibiotics.

28.    At all times relevant hereto, the Plaintiff, GORDON PARKER GOODFELLOW, IV, was a compliant patient, following the advice and instruction of the Defendants.

29.    After twelve days of antibiotic Zosyn, the PICC line was removed and the Plaintiff child presented on August 13, 2014 for a follow up appointment and consideration of an interval appendectomy.  At that time, it was found that the Plaintiff, GORDON PARKER GOODFELLOW, IV, was still recovering from his appendicitis.

30.    On August 28, 2014, the Plaintiff, GORDON PARKER GOODFELLOW, IV, again presented for follow up.  At that time, it was felt that Plaintiff, GORDON PARKER GOODFELLOW, IV continued to recover

from his appendicitis and that a plan to schedule him for an interval appendectomy in the near future was in place.

31.    On September 24, 2014, under long acting local anesthesia, Dr. Randall S. Burd performed a laparoscopic appendectomy.    After a 2-day post-operative course, he was discharged from the hospital.

32.    On October 20, 2014 Dr. Burd saw the Plaintiff, GORDON PARKER GOODFELLOW, IV for a follow up visit.  At that time he had minimal right-sided or left sided lower abdominal tenderness without peritonitis with no palpable masses.

33.    The Defendants' failure to timely and properly diagnose appendicitis and/or refer the Child Plaintiff for medical treatment earlier constitutes a deviation from the standard of care which pertain to health care providers who hold themselves out as competent and skilled health care providers, particularly when treating children whose parents have placed them in their care.

34.    The Plaintiffs' injuries, pain and suffering stemming from unnecessary delay in diagnosis and treatment were a direct and proximate result of the acts of negligence of the Defendant individually and through its agents, ostensible agents, servants and employees in failing to supervise and protect the child plaintiff and provide proper and competent diagnosis,

treatment, care and monitoring and in no manner or fashion whatsoever as a result of the actions and/or inactions of the Plaintiffs.

35.   The negligence, carelessness and recklessness of the Defendants, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, acting by and through its Infirmary Staff including Nurse Candace Kay Lehman and Nurse Lisa M. Chou, consisted of the following:

a.   Failure to include a differential diagnosis of appendicitis;

b.   Failure to seek the advice of a doctor for the Plaintiff, GORDON PARKER GOODFELLOW, IV;

c.   Failure to investigate the Plaintiff, LORENA GOODFELLOW's concerns about the source of her son's complaints;

d.   Causing a delay in the diagnosis and treatment of Plaintiff, GORDON PARKER GOODFELLOW, IV;

e.   Causing undue pain and suffering in the delay in diagnosis and treatment for Plaintiff, GORDON PARKER GOODFELLOW, IV;

f.   Increasing the risk of harm, including sepsis, to Plaintiff, GORDON PARKER GOODFELLOW, IV;

g.   In delaying and complicating the repair/removal of the appendix as well as other injuries.

h.   Failure to know the signs and symptoms of appendicitis;

i.   In misdiagnosing the Child Plaintiff as having the Flu;

j.   In failing to follow policies and procedures in place in the infirmary;

k.    In acting outside the scope of a licensed practical nurse;

l.    In acting outside the scope of a registered nurse;

m.    Upon information and belief, in practicing medicine without a license;

n.    In failing to consult with a physician in a timely manner;

o.    In creating an unsafe environment for children and in particular for the child plaintiff;

p.    In failing to take the Child Plaintiff to see a doctor sooner;

q.    In failing to supervise and protect a child for whom they are legally obligated to protect;

r.    In placing the child who is in their custody in harm's way;

s.    In failing to appreciate the child's signs, symptoms and complaints;

t.    In ignoring the child's signs, symptoms and complaints;

u.    In failing to seek medical attention immediately after discovering the child's fever of 104.2 degrees;

v.    In ignoring the classic symptoms of appendicitis;

w.    In failing to listen to and heed the child Plaintiff's complaints;

x.    In failing to request the parents' assistance to attend to the child Plaintiff;

y.    In failing to apprise the parents of how sick their child was.

36.    The negligence, carelessness and recklessness of the Defendant,

CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a

CAMP SHOHOLA, acting individually, on its own behalf, and through its

agents, servants and employees consisted of the following:

a.    Failure to have adequate, trained staff at the infirmary;

b.    In increasing the risk of harm, including sepsis, to the child
      Plaintiff;

c.    In failing to provide in loco parentis services in a safe and
      appropriate manner;

d.    In being negligent in the role of in loco parentis;

e.    In failing to have adequate policies and procedures in
      place in the infirmary;

f.    In failing to have a doctor on staff or available to consult
      in a timely fashion;

g.    In creating and having an unsafe environment for children
      and in particular for the child plaintiff;

h.    In failing to supervise and protect a child for whom they
      owe a duty and are legally obligated to protect;

i.    In placing the child who is in their custody in harm's way;

j.    In failing to provide the highest duty of care to the child
      Plaintiff;

k.    In failing to provide the highest duty of care to the child
      Plaintiff by failing to have adequate services, including
      medical and nursing, care and equipment available to
      children, like the child Plaintiff who become ill.

l.    In failing to request the parents' assistance to attend to the child Plaintiff;

m.    In failing to apprise the parents of how sick their child was.

### COUNT I
### GORDON PARKER GOODFELLOW, IV, a minor, by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians, and GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Individually, VS. DEFENDANT CANDACE KAY LEHMAN

37.    GORDON PARKER GOODFELLOW, IV, a minor, by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians, and GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Individually, hereby incorporate paragraphs 1 through 36, inclusive, as fully as though the same were herein set forth at length.

38.    The minor Plaintiff, GORDON PARKER GOODFELLOW, IV's injuries, pain and suffering were a direct and proximate result of the negligence, carelessness and recklessness of the Defendant, CANDACE KAY LEHMAN, in failing to provide proper and competent nursing, diagnosis, treatment, care and monitoring and in no manner or fashion

whatsoever as a result of the actions and/or inactions of the Plaintiffs.

39.   That as a further result of the negligence, carelessness, and recklessness of the said Defendant, CANDACE KAY LEHMAN, the Plaintiffs, GORDON PARKER GOODFELLOW, III AND LORENA GOODFELLOW, have been made to incur medical bills for treatment by various healthcare professionals and expenses for travel to and from healthcare facilities up to the present time.

40.   As a further result of the negligence, carelessness and recklessness of the Defendant, CANDACE KAY LEHMAN, as aforesaid, the minor Plaintiff, GORDON PARKER GOODFELLOW, IV, was rendered sick, sore, disabled, and sustained great physical and mental pain, discomfort and anxiety, some of which required medical treatment for the subject minor at a distance from the comfort of his home and family.

41.   That as a further result of the Defendant's negligence, carelessness and recklessness, the minor Plaintiff, GORDON PARKER GOODFELLOW, IV, has been made to undergo numerous medical procedures, some of which were performed upon the minor at a distance from the comfort of his home and family.

**WHEREFORE,** the Plaintiffs, GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, individually and as

parents and natural guardians of GORDON PARKER GOODFELLOW, IV, a minor, demand judgment against the Defendant, CANDACE KAY LEHMAN, for compensatory damages in excess of $75,000, exclusive of interest and costs, which is in excess of the amount conferring jurisdiction over this Action under applicable statutes and the local rules of Court.

**COUNT II**
**GORDON PARKER GOODFELLOW, IV, a minor, by GORDON**
**PARKER GOODFELLOW, III and LORENA GOODFELLOW,**
**Parents and Natural Guardians, and GORDON PARKER**
**GOODFELLOW, III and LORENA GOODFELLOW, Individually,**
**VS.**
**DEFENDANT LISA M. CHOU (BRASS)**

42.   GORDON PARKER GOODFELLOW, IV, a minor, by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians, and GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Individually, hereby incorporate paragraphs 1 through 41, inclusive, as fully as though the same were herein set forth at length.

43.   The minor Plaintiff, GORDON PARKER GOODFELLOW, IV's injuries, pain and suffering were a direct and proximate result of the negligence, carelessness and recklessness of the Defendant, LISA M. CHOU (BRASS), in failing to provide proper and competent nursing diagnosis, treatment, care and monitoring and in no manner or fashion whatsoever as a

result of the actions and/or inactions of the Plaintiffs.

44.   That as a further result of the negligence, carelessness, and recklessness of the said Defendant, LISA M. CHOU (BRASS), the Plaintiffs, GORDON PARKER GOODFELLOW, III AND LORENA GOODFELLOW, have been made to incur medical bills for treatment by various healthcare professionals and expenses for travel to and from healthcare facilities up to the present time.

45.   As a further result of the negligence, carelessness and recklessness of the Defendant, LISA M. CHOU (BRASS), as aforesaid, the minor Plaintiff, GORDON PARKER GOODFELLOW, IV, was rendered sick, sore, disabled, and sustained great physical and mental pain and discomfort some of which required medical treatment for the subject minor at a distance from the comfort of his home and family.

46.   That as a further result of the Defendant's negligence, carelessness and recklessness, the minor Plaintiff, GORDON PARKER GOODFELLOW, IV, has been made to undergo numerous medical procedures, some of which were performed upon the minor at a distance from the comfort of his home and family.

**WHEREFORE,** the Plaintiffs, GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, individually and as

parents and natural guardians of GORDON PARKER GOODFELLOW, IV, a minor, demand judgment against the Defendant, LISA M. CHOU (BRASS), for damages in excess of $75,000, exclusive of interest and costs, which is in excess of the amount conferring jurisdiction over this Action under applicable statutes and the local rules of Court.

## COUNT III
## GORDON PARKER GOODFELLOW, IV, a minor, by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians, and GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Individually, VS.
## DEFENDANT, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, INC.

47. GORDON PARKER GOODFELLOW, IV, a minor, by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians, and GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Individually, hereby incorporate paragraphs 1 through 46, inclusive, as fully as though the same were herein set forth at length.

48. The minor Plaintiff, GORDON PARKER GOODFELLOW, IV's injuries, pain and suffering were a direct and proximate result of the joint and several acts of negligence, carelessness and recklessness of the Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, INC., in failing to provide proper and

competent supervision, diagnosis, treatment, care and monitoring and in no manner or fashion whatsoever as a result of the actions and/or inactions of the Plaintiffs.

49. That as a further result of the negligence, carelessness, and recklessness of the said Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, INC., the Plaintiffs, GORDON PARKER GOODFELLOW, III AND LORENA GOODFELLOW, have been made to incur medical bills for treatment by various healthcare professionals and expenses for travel to and from healthcare facilities up to the present time.

50. As a further result of the negligence, carelessness and recklessness of the Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, INC., as aforesaid, the minor Plaintiff, GORDON PARKER GOODFELLOW, IV, was rendered sick, sore, disabled, and sustained great physical and mental pain and discomfort some of which required medical treatment for the subject minor at a distance from the comfort of his home and family.

51. That as a further result of the Defendant's negligence and carelessness the minor Plaintiff, GORDON PARKER GOODFELLOW, IV, has been made to undergo numerous medical procedures, some of which were

performed upon the minor at a distance from the comfort of his home and family.

**WHEREFORE,** the Plaintiffs, GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, individually and as parents and natural guardians of GORDON PARKER GOODFELLOW, IV, a minor, demand judgment against the Defendant, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, INC., for damages in excess of $75,000.00, exclusive of interest and costs, which is in excess of the amount conferring jurisdiction over this Action under applicable statutes and the local rules of Court.

<u>**COUNT IV**</u>
<u>**GORDON PARKER GOODFELLOW, IV, a minor, by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians, and GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Individually, VS. DEFENDANTS, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, INC.; CANDACE KAY LEHMAN; -and- LISA M. CHOU (BRASS)**</u>

52.  GORDON PARKER GOODFELLOW, IV, a minor, by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians, and GORDON PARKER

GOODFELLOW, III and LORENA GOODFELLOW, Individually, hereby incorporates paragraphs 1 through 51 inclusive, as fully as though the same were herein set forth at length.

53. During the onset and initial treatment, the Plaintiff, GORDON PARKER GOODFELLOW, IV, A MINOR, was without parental comfort due to the Defendant's failure to timely diagnosis and failure to seek the advice of a pediatrician or medical doctor.

54. As a result of the lack of parental comfort, the Plaintiff, GORDON PARKER GOODFELLOW, IV, A MINOR, was caused to suffer severe fear, anxiety and emotional distress which has manifested itself psychologically and emotionally and is expected to continue into the future.

55. The Plaintiff, GORDON PARKER GOODFELLOW, IV, A MINOR's severe fear, anxiety and emotional distress were a direct and proximate result Defendants a direct and proximate result of the joint and several acts of negligence of the Defendant and due in no manner or fashion whatsoever as a result of the actions and/or inactions of the Plaintiffs.

**WHEREFORE,** the Plaintiffs, GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, individually and as parents and natural guardians of GORDON PARKER GOODFELLOW, IV, a minor, demand judgment against the Defendants for damages in excess of

$75,000.00, exclusive of interest and costs, which is in excess of the amount conferring jurisdiction over this Action under applicable statutes and the local rules of Court.

**COUNT V**
**PLAINTIFFS, GORDON PARKER GOODFELLOW, III AND**
**LORENA GOODFELLOW**
**VS.**
**DEFENDANTS, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA**
**FOR BOYS, INC. a/k/a CAMP SHOHOLA, INC.; CANDACE KAY**
**LEHMAN; -and- LISA M. CHOU (BRASS)**

56.     The Plaintiffs, GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW hereby incorporate paragraphs 1 through 55 inclusive, as fully as though the same were herein set forth at length.

57.     That as a result of the Defendants' negligence and carelessness, the Plaintiffs, GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, have had to expend out of pocket money for the medical care and for other expenses in the sum of approximately $15,000, and continuing.

58.     That due to Defendants' negligence, the Plaintiffs, GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW have lost the care, comfort, support and companionship of their son, Plaintiff GORDON PARKER GOODFELLOW, IV, a minor.

59.     The plaintiffs out of pocket expenses were and continue to be a

22

direct and proximate result of the joint and several acts of negligence of the Defendants, CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, INC., its Staff including Nurse Candace Kay Lehman and Nurse Lisa M. Chou, and other as-yet unknown medical or quasi-medical staff, in failing to provide proper and competent diagnosis, treatment, care, monitoring and supervision and in no manner or fashion whatsoever as a result of the actions and/or inactions of the Plaintiffs.

**WHEREFORE,** the Plaintiffs, GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, demand judgment against the Defendants for compensatory damages in excess of $75,000, exclusive of interest and costs, which is in excess of the amount conferring jurisdiction over this Action under applicable statutes and the local rules of Court.

Respectfully submitted,

SCARTELLI OLSZEWSKI, PC

BY: _____
MICHAEL J. KENNY, ESQUIRE
MELISSA A. SCARTELLI, ESQUIRE
PETER PAUL OLSZEWSKI, ESQUIRE
Attorneys for Plaintiffs

**SCARTELLI OLSZEWSKI, P.C.**
A Professional Corporation
By:    **Melissa A. Scartelli, Esquire**
       **Peter Paul Olszewski, Jr., Esquire**
       **Michael Kenny, Esquire**
ATTORNEYS FOR PLAINTIFFS
411 Jefferson Avenue
Scranton, PA  18510
(570) 346-2600
IDENTIFICATION #52441
IDENTIFICATION #541286
IDENTIFICATON #81623

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON PARKER GOODFELLOW, IV, a minor, by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians, and GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Individually,** 8802 Stonehaven Court, Potomac, Maryland 20854 | : : : : : : : : : |
| Plaintiffs | : CIVIL ACTION : |
| V. | : MEDICAL PROFESSIONAL : LIABILITY ACTION : |
| **CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, INC.** 105 Weber Road, Greeley, Pike County Pennsylvania, 18425; **CANDACE KAY LEHMAN** 173 Richards Street Summersville, Mo. 65571; -and- **LISA M. CHOU (BRASS)** 304 Palmerston Court Newark, Delaware 19702 | : : JURY TRIAL DEMANDED : : : : : :      NO. : : : : |
| Defendants | : |

1

**Certificate of Merit as to Defendant CANDACE KAY LEHMAN**

   **I, MICHAEL KENNY, ESQUIRE, certify that:**

[X]   an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

   OR

[ ]   the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

   OR

[ ]   expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date: 7/20/16

MICHAEL KENNY, ESQUIRE

2

SCARTELLI OLSZEWSKI, P.C.
A Professional Corporation
By:    **Melissa A. Scartelli, Esquire**
       **Peter Paul Olszewski, Jr., Esquire**
       **Michael Kenny, Esquire**
ATTORNEYS FOR PLAINTIFFS
411 Jefferson Avenue
Scranton, PA  18510
(570) 346-2600
IDENTIFICATION #52441
IDENTIFICATION #541286
IDENTIFICATON #81623

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON PARKER GOODFELLOW, IV, a minor, by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians, and GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Individually,** 8802 Stonehaven Court, Potomac, Maryland 20854 | : : : : : : : : : |
| Plaintiffs | : CIVIL ACTION |
| V. | : : MEDICAL PROFESSIONAL : LIABILITY ACTION : |
| **CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA, INC.** 105 Weber Road, Greeley, Pike County Pennsylvania, 18425; **CANDACE KAY LEHMAN** 173 Richards Street Summersville, Mo. 65571; -and- **LISA M. CHOU (BRASS)** 304 Palmerston Court Newark, Delaware 19702 | : : JURY TRIAL DEMANDED : : : : : : :      NO. : : : |
| Defendants | : |

1

**Certificate of Merit as to Defendant LISA M. CHOU (BRASS)**

I, MICHAEL KENNY, ESQUIRE, certify that:

[X]   an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

[ ]   the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

[ ]   expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date: 7/22/16

MICHAEL KENNY, ESQUIRE

2

**SCARTELLI OLSZEWSKI, P.C.**
A Professional Corporation
By:     **Melissa A. Scartelli, Esquire**
          **Peter Paul Olszewski, Jr., Esquire**
          **Michael Kenny, Esquire**
ATTORNEYS FOR PLAINTIFFS
411 Jefferson Avenue
Scranton, PA  18510
(570) 346-2600
IDENTIFICATION #52441
IDENTIFICATION #541286
IDENTIFICATON #81623

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GORDON PARKER GOODFELLOW,**          :
**IV, a minor, by GORDON PARKER**          :
**GOODFELLOW, III and LORENA**          :
**GOODFELLOW, Parents and Natural**          :
**Guardians, and GORDON PARKER**          :
**GOODFELLOW, III and LORENA**          :
**GOODFELLOW, Individually,**          :
8802 Stonehaven Court, Potomac,          :
Maryland 20854          : CIVIL ACTION
                    Plaintiffs          :
                                              : MEDICAL PROFESSIONAL
                    V.          : LIABILITY ACTION
                                              :
**CAMP NETIMUS, INC. d/b/a CAMP**          :
**SHOHOLA FOR BOYS, INC. a/k/a**          : JURY TRIAL DEMANDED
**CAMP SHOHOLA, INC.**          :
105 Weber Road, Greeley, Pike County          :
Pennsylvania, 18425;          :
**CANDACE KAY LEHMAN**          :
173 Richards Street          :          NO.
Summersville, Mo. 65571; -and-          :
**LISA M. CHOU (BRASS)**          :
304 Palmerston Court          :
Newark, Delaware 19702          :
                    Defendants          :

1

**Certificate of Merit as to Defendant CAMP NETIMUS, INC. d/b/a CAMP SHOHOLA FOR BOYS, INC. a/k/a CAMP SHOHOLA**

I, MICHAEL KENNY, ESQUIRE, certify that:

[ ]   an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

[ ]   the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

[X]   expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date: 7/22/16                                    MICHAEL KENNY, ESQUIRE

2