**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GORDON PARKER GOODFELLOW: IV, a minor by GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Parents and Natural Guardians and GORDON PARKER GOODFELLOW, III and LORENA GOODFELLOW, Individually,** : | **CIVIL ACTION NO. 3:16-1521** |
| : | **(JUDGE MANNION)** |
| **Plaintiffs** : | |
| **v.** : | |
| **SHOHOLA, INC., d/b/a CAMP SHOHOLA FOR BOYS, INC.,: CANDACE KAY LEHMAN and LISA M. CHOU (BRASS),** : | |
| **Defendants** : | |

## MEMORANDUM

On May 4, 2017, the court issued a memorandum and order, (Docs. 25-26), granting in part and denying in part defendants' motion to dismiss, (Doc. 12), the plaintiffs' amended complaint, (Doc. 10). *See* 2017 WL 1738398 (M.D.Pa. May 4, 2017). In its Order, one claim that the court dismissed with prejudice was plaintiffs' direct corporate medical negligence claims against Camp Netimus, Inc., d/b/a Camp Shohola for Boys, Inc. ("the Camp")[1] contained in Count III of the amended complaint based on a defective

---

[1] After the court's May 4, 2017 memorandum, the parties amended the caption to reflect that the corporate defendant was Shohola, Inc., d/b/a/ Camp Shohola for Boys, Inc.

Certificate of Merit ("COM") which failed to set forth that the plaintiffs were proceeding on such a theory against the Camp. Pending before the court is the motion for reconsideration of the plaintiffs with respect to only their direct medical corporate negligence claims against in the Camp. (Doc. 28). For the reasons discussed below, the plaintiffs' motion will be **DENIED**.

I. **PROCEDURAL AND FACTUAL BACKGROUND**[2]

The plaintiffs, Gordon Parker Goodfellow, III, and Lorena Goodfellow bring this action on behalf of their minor son, Gordon Parker Goodfellow, IV ("GPG"), and on their own behalf. The plaintiffs filed their complaint on July 22, 2016, (Doc. 1), against defendants the Camp, and the two Camp infirmary nurses, Candace Kay Lehman and Lisa M. Chou. On September 23, 2016, defendants filed a motion to dismiss the original complaint arguing, in part, that the COM regarding the Camp was defective. (Doc. 9). On September 30, 2016, plaintiffs filed an amended complaint. (Doc. 10). The only difference between the amended complaint and the original complaint was ¶17.1 which stated that counsel erred in checking the wrong box on the original COM for the Camp and that plaintiffs had secured an expert who gave an opinion regarding the negligence of the Camp. The amended COM for the Camp had the box for vicarious liability checked. (Doc. 10, pp. 24-25).

In their amended complaint, (Doc. 10), the plaintiffs asserted claims of

---

[2]Since the background of this case is detailed in the court's May 4, 2017 Memorandum, it shall not be fully repeated herein.

direct and corporate negligence against the Camp, including claims that it failed to adequately train the infirmary staff, it failed to have adequate policies and procedures in place, and it failed to consult with a physician. Specifically, the relevant count in the amended complaint for present purposes is Count III, claims of vicarious liability as well as direct corporate medical negligence claims against the Camp.

The amended COM filed against the Camp, which was based only on Pa.R.C.P. 1042.3(a)(2), stated that "the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals [i.e.,Lehman and Chou] for whom this defendant is responsible deviated from an acceptable professional standard" and, that an expert has found "there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work [at issue], fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm [to GPG]."

After the plaintiffs' motion for reconsideration was fully briefed, the plaintiffs filed a second amended complaint ("SAC") on December 15, 2017. (Doc. 45). The defendants filed a motion to dismiss plaintiffs' SAC on January 8, 2018. (Doc. 49). The defendants' motion was then fully briefed. The defendants essentially argue that the plaintiffs' SAC now contains two COMs against the Camp, one based upon Pa.R.C.P. 1042.3(a)(1) and one based upon Pa.R.C.P. 1042.3(a)(2), and that this is not proper since the plaintiffs'

3

amended complaint only contained one COM against the Camp under Pa.R.C.P. 1042.3(a)(2), and since the court dismissed plaintiffs' corporate/direct negligence claims against the Camp with prejudice in its May 4, 2017 Memorandum and Order. The defendants also seeks to dismiss the plaintiffs' claims in their SAC for punitive damages.

The court now considers only the plaintiffs' motion for reconsideration of its May 4, 2017 Memorandum and Order. The defendants' motion to dismiss plaintiffs' SAC will be addressed in a separate memorandum.[3]

## II.　STANDARD OF REVIEW

A motion for reconsideration may be used to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if previously discovered, might have affected the court's decision. *United States el rel. Schumann v. Astrazeneca Pharmaceuticals, L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (citing *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999)); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must demonstrate at least one of the following grounds: (1) an intervening change in the controlling law; (2) the

---

[3]As will be discussed in the court's memorandum regarding defendants' motion to dismiss plaintiffs' SAC, the court finds that the plaintiffs' corporate negligence claims against the Camp are also subject to dismissal with prejudice because the corporate-negligence doctrine does not apply to the Camp.

4

availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). However, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Reconsideration is generally appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning, but of apprehension." *York Int'l Corp. v. Liberty Mut. Ins. Co.*, 140 F. Supp. 3d 357, 360–61 (3d Cir. 2015) *(*quoting *Rohrbach v. AT & T Nassau Metals Corp*., 902 F. Supp. 523, 527 (M.D. Pa. 1995)). It may not be used as a means to reargue unsuccessful theories that were presented to the court in the context of the matter previously decided "or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." *Id*. at 361 (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). The "motion will not be granted merely because a party is dissatisfied with the court's ruling, nor will a court consider repetitive arguments that were previously asserted and considered." *Frazier v. SCI Med. Dispensary Doctor + 2 Staff Members*, No. 1:07-194, 2009 WL 136724, at *2 (M.D. Pa. Jan. 16,

5

2009) (collecting cases).

## III. DISCUSSION

In their motion, the plaintiffs state that there are two issues namely, "whether Plaintiffs need an expert opinion by way of a COM in order to get their direct corporate liability claim through the Courthouse door and [(2)] whether such an issue can be addressed on motions to dismiss." (Doc. 29 at 4). As defendants point out, both of these issues were thoroughly addressed by the court in its May 4, 2017 Memorandum. As such, the court will not rehash its reasoning regarding these contentions.

To the extent the plaintiffs argue that the court should have waited until summary judgment to decide whether their direct corporate medical negligence claims against the Camp can be dismissed, the court found that the Third Circuit and district courts in Pennsylvania have consistently allowed defendants to challenge defective COMs in a motion to dismiss.

Further, the plaintiffs again rely on the case of Schmigel v. Uchal, 800 F.3d 113 (3d Cir. 2015), to support their position, as they did in their opposition to defendants' motion to dismiss their amended complaint. However, *Schmigel* is distinguishable since the defendants complied with *Schmigel'*s requirement by providing plaintiffs with more than 30 days' notice of plaintiffs' failure to comply with the COM requirements. As defendants state, (Doc. 33 at 6), "[o]n September 23, 2016, defendants not only put

6

plaintiffs on notice that the COM was defective, but they also notified plaintiffs that the COM was defective as it relates specifically to plaintiffs' direct corporate negligence claims against the Camp." (citing to Doc. 9). Despite the notice, plaintiffs failed to fix their defective original COM regarding their direct corporate negligence claims against the Camp and instead filed a second defective COM. Therefore, as this court previously found, plaintiffs received proper notice of their defective COM and had ample time to correct it.

Finally, insofar as the plaintiffs re-argue that they are not required to provide a COM against the Camp because it is not a healthcare provider, the court considered this contention in its May 4, 2017 Memorandum and, since it finds no error of law or fact with its analysis, it will not repeat its reasoning regarding this contention.

## III. CONCLUSION

For the reasons discussed above, the plaintiffs' motion for reconsideration, (Doc. 28), will be **DENIED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 20, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1521-02.wpd

7